**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 31, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-10120
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES BRYAN BAIRD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(6:03-CR-42-1-C)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant James Bryan Baird appeals his conviction
for being a felon in possession of a firearm and possessing a
firearm with an altered or obliterated serial number.  He contends
that police lacked probable cause to stop his car; that police
lacked reasonable suspicion to extend the stop beyond the time
necessary to effectuate the purpose of the stop; that he should
have received a three-level adjustment for acceptance of
responsibility instead of a two-level adjustment; and that U.S.S.G.

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3E1.1(b) violates the separation of powers doctrine by conferring judicial power on the executive branch.

When we view the evidence in the light most favorable to the government, we are satisfied that the police had reasonable suspicion to stop Baird's car. *See United States v. Sanchez-Pena*, 336 F.3d 431, 436 & n.2 (5th Cir. 2003). Baird's failure to use his turn signal justified the stop. *See* TEX. TRANSP. CODE ANN. § 545.104(a)(Vernon 1999). Baird's inadequate proof of insurance and the asking of legitimate questions about his passenger's identity while computer checks were being run provided the police with reasonable suspicion to support the continued detention of the car for the period in question. *See United States v. Valadez*, 267 F.3d 395, 398 (5th Cir. 2001); *United States v. Shabazz*, 993 F.2d 431, 437 (5th Cir. 1993).

In the district court, Baird did not raise the same contentions regarding the lack of an adjustment for acceptance of responsibility that he raises on appeal. We therefore review these for plain error. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc). The Sentencing Guidelines provide the government with discretion to move for the additional one-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(b). Baird's arguments that the government lacks such discretion or that the government abused its discretion are unavailing. Further, Baird has failed to demonstrate plain error

2

in the determination that regarding whether U.S.S.G. § 3E1.1(b) does not violate the separation of powers doctrine. *See Mistretta v. United States*, 488 U.S. 361, 390 (1989); *United States v. Santoyo*, 146 F.3d 519, 523 (7th Cir. 1998).

AFFIRMED.